## UNITED STATES *v.* PAXTON.

### (*Circuit Court, N. D. Florida.* October 11, 1889.)

**JURY COMMISSIONERS—MEMBER OF POLITICAL PARTY—EVIDENCE.**

One who has always advocated the principles and voted the state and national tickets of the Democratic party, but who at one time organized a Democratic movement in his county in opposition to that part of his party then in power, nominated a legislative ticket, and was himself elected thereon by the aid of Republican votes, acting, while in the legislature, with the Democrats, and proclaiming himself a Democrat, is a "well-known member" of that political party, within the meaning of act Cong. June 30, 1879, providing that a jury commissioner appointed by the judge shall be "a well-known member of the principal political party in the district" opposed to that to which the clerk may belong.

On Motion to Quash *Venire.*

*Jos. B. Christie,* and *C. M. Cooper,* for defendant.

*The United States District Attorney,* for the United States.

SWAYNE, J. This is a motion by the defendant, Owen K. Paxton, to quash the *venire* of grand jurors, and challenge the array, for the reason set out therein. The motion is as follows:

"IN CIRCUIT COURT OF UNITED STATES, NORTHERN DISTRICT OF FLORIDA. "Now comes Owen K. Paxton, who is held to answer this term of said court on the charge of conspiring to prevent by force and intimidation one C. L.

Morrison from holding an office of trust under the United States, and challenges the array of grand jurors summoned herein, and moves to quash the *venire* for said grand jurors on the ground that said grand jurors have not been selected. drawn, and summoned in accordance with law, in that the person who acted as jury commissioner in selecting and drawing said jurors, to-wit, J. O. Farnell, is not, and was not when appointed, such jury commissioner, and was not, when acting as such jury commissioner in selecting and drawing said jurors, a well-known member of the Democratic party in said district; that being the principal political party in said district, opposed to the Republican party, to which latter party the clerk of said court, Phillip Walter, belongs.                                                Jos. B. Christie,

"C. M. Cooper,

"Attorneys for Paxton."

To this motion the United States, by the district attorney, joined issue, and argument was had upon affidavits presented by both parties, and upon the law as applicable thereto, in open court.   The defendant cited the act of congress of June 30, 1879, in reference to the matter, which is as follows:

"*  *  *   And that all jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box containing at the time of each drawing the names of not less than three hundred persons possessing the qualifications prescribed in section 800 of the Revised Statutes, which names shall have been placed therein by the clerk of such court, and a commissioner to be appointed by the judge thereof, which commissioner shall be a citizen of good standing, residing in the district in which said court is held, and a well-known member of the principal political party in the district in which the court is held, opposing that to which the clerk may belong; the clerk and said commissioner each to place one name in said box alternately, without reference to party affiliation, until the whole number required shall be placed therein."

The contention of the defendant, Paxton, is that the said J. O. Farnell, the jury commissioner, was not at the time of his appointment, nor at the time of the performance of his duties as such commissioner, a well-known member of the principal political party in the district in which the court is held, opposing that to which the clerk may belong, or that he was not a well-known member of the Democratic party; the said clerk, Philip Walter, being shown by affidavit filed, as was well known, to be a member of the Republican party.   Numerous affidavits were filed in support of the motion, but they followed the language of the act of congress so closely as to make the testimony largely a matter of opinion, and to make the affiants swear to a conclusion of law.   The facts contained by these said affidavits in support of the opinions were meager and unsatisfactory.   They alleged that the said J. O. Farnell, the jury commissioner, "ran for the office of member of the house of representatives of the legislature of the state of Florida with the nomination or indorsement of the Republican party in Columbia county;" whereas it appears from the abundant testimony of the government that he never received the nomination of the Republican party in Columbia county, a fact which affiants for the motion must have known, but was simply indorsed by the Republicans, which indorsement was unsought by him;

and their further testimony, that they did not know "if the said J. O. Farnell did anything in support of the state or national Democratic ticket in the campaign of 1888," does not commend itself to the favorable consideration of the court, in the light of all the testimony in the cause and the argument had thereon.

The facts in this case, as shown by the testimony submitted, are as follows: That J. O. Farnell, more than 60 years of age, has been for many years a Democrat, and at every election since the late war has advocated the principles and voted the tickets of the state and national Democratic party. But that in 1886 a portion of the Democracy of Columbia county in this state, himself among the number, organized a Democratic movement in that county in opposition to that part of his party then in power, nominated a ticket for the legislature, and elected it by this division of his own party and the assistance of Republican votes. He was elected to the legislature on this ticket, proclaiming himself a Democrat all the time, and while in the legislature attended the Democratic caucus, abided by its decision, and acted with that party. This action of his in Columbia county occasioned much harsh feeling and acrimonious discussion, and, among other things, his enemies sought to hurt his standing and prospects by calling him a Republican. It has been truly said "that earth hath no hate like love to anger turned," and politics as often illustrates this sentiment as domestic infelicity. But the broad allegation made by several of the affiants for the motion, that J. O. Farnell is a Republican, has not been and cannot be sustained. Counsel for the motion did not attempt it. But it is charged, and I think truly, that he is not a "dyed-in-the-wool" Democrat, as the junior counsel for the motion very tersely put it. He will not always follow the behests of his party in local matters when he thinks them wrong, but he will object; he will get another ticket of Democrats nominated, and have them elected by a portion of his party by the help of Republican votes, if he can. He is probably very properly termed an "Independent Democrat" in local matters, while advocating and voting for the state and national Democratic tickets.

And this brings us to the pivotal question of this case. Is such a man, with such a record, politically, as this, eligible to the office of jury commissioner of this court under the act of congress of June 30, 1879? In other words, will that act permit the court to exercise its discretion, and appoint any well-known member of the Democratic party, though he may be classed as an Independent Democrat in local matters, or must the court appoint a "dyed-in-the-wool" Democrat,—to use the language again of the counsel for the motion? Let us turn again to the language of the act. It says, "a well-known member of the principal political party," etc. If organizing a separate ticket, "stumping" the county, being elected, and going to the legislature does not make a man well known politically in his vicinity in this state, nothing will. But, says the senior counsel for the motion, he may be a Democrat, and he may be well known, but he is "not" a member of his party; and with great ability and astuteness he proceeded to urge this view, and cited as examples

memberships in a church, or some other such body. But we know that political parties have no definite line bounding their periphery; they have no distinguishing badge marking their members; they are of no fixed and definite number, but from season to season they increase or diminish, as the tide of public opinion ebbs and flows; they are generally ready and willing to accept as members all those who will enlist, even temporarily, under their respective banners. The membership of a church or lyceum, a lodge or social club, is definite, and can at any time be certainly known; but how would it be possible to apply the same rule to a test of membership to either of the great political parties of the country? It is true that political parties have organizations with officers and members, but surely it cannot be maintained that those are only members whose names appear upon the record of such party organizations. I think it must be admitted that it has always been understood that those who have acted with a political party, voted its ticket, maintained its doctrines, and attended its meetings were members of the party. The court is of the opinion that a well-known Democrat is a well-known member of the Democratic party, and equally eligible under the act of congress. The court feels that, in coming to this conclusion on this point, it is following the suggestions of the senior counsel for the motion, so eloquently made, to carry out the spirit as well as the letter of the act. The act of congress names no other requirement on this subject than that he shall be "a well-known member," leaving to the court the discretion of selecting any well-known member, no matter how much he may differ in many important things from other well-known members of the same party. The court holds that it has been established beyond question that the said J. O. Farnell is a well-known Democrat, and is therefore a well-known member of the principal political party in this district opposing that to which the clerk belongs.

As this disposes of the only objection made in the case to the array of grand jurors, there being no other charge whatever against the commissioner, or the manner in which the said grand jury was selected, drawn, and summoned, the motion must be and is hereby overruled.